UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
REGINA ARMSTRONG,

|                           |                    |
|---------------------------|--------------------|
| *Plaintiff,*              | **COMPLAINT**      |
| -against-                 | Jury Trial Demanded |

HEMPSTEAD UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE HEMPSTEAD UNION
FREE SCHOOL DISTRICT, and VICTOR PRATT,

*Defendants*.
--------------------------------------------------------------------X

Regina Armstrong (Plaintiff), by and through undersigned counsel, as and for her Complaint in this action against Defendants Hempstead Union Free School District, Board of Education of the Hempstead Union Free School District and Victor Pratt, respectfully sets forth and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for breach of contract, wrongful termination, constructive discharge, defamation, discrimination, whistleblowing, and retaliation in violation of the Plaintiff's Superintendent Employment agreement as further described herein.

2. Plaintiff served the Hempstead Union Free School District for 34 years. In January of 2018, she was appointed to the District's Acting Superintendent of Schools. The many improvements to the district indicated that her work was outstanding and exceeded expectations. Yet, her work was undermined by: a. board members violating board policy and Plaintiff's employment contract by discussing with subordinates and others, displeasure with Plaintiff's performance as she curbed wasteful spending and nepotism; b. board members hosting meetings to conspire against and devise a strategy to terminate

Plaintiff; c. Victor Pratt, board member and president, making defamatory and harmful public statements to personally and professionally defame Plaintiff.

3. Plaintiff had her employment constructively discharged without warning on September 5, 2024, at roughly 6:00 p.m. E.T. for false accusations of unauthorized employment practices, namely, using a high school to administer an SAT exam in the school district. In constructively discharging Plaintiff, Defendants banned Plaintiff from communicating with any of her colleagues, disconnected her email accounts, blocked her personal email accounts and directed Plaintiff to refrain from all communications to anyone working at the Hempstead Union Free School District. Defendants took these actions in retaliation for Plaintiff whistleblowing to other Board members that certain payment allocations, hirings and promotions from the Board President were improper and unethical. There has been no investigation on the matter of whether Plaintiff used a school facility to administer a SAT exam without authorization. No one had advised Plaintiff that there was any concern on the matter. Yet, Plaintiff was summarily terminated from her role.

4. While Hempstead High School is listed as a testing center for SAT exams, Plaintiff did not authorize or de-authorize the use of Hempstead High School as an SAT exam site.

5. The use of Hempstead High School as a testing center precedes Plaintiff's tenure as Superintendent.

6. Furthermore, the Defendant Pratt publicly defamed the name and reputation of Plaintiff by publishing false statements to the press and media. These actions along were in violation of Plaintiff's employment contract, due process rights, and rights under Title VII and the New York State Human Rights Law.

## NATURE OF THE CLAIMS

7. This action is brought to remedy suffering and damages to Plaintiff's reputation, mental and emotional health, actual income and potential income due to a breach of contract, wrongful termination, constructive discharge, whistleblowing, retaliation, and violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and due process rights.

## PARTIES

8. The Plaintiff, Regina Armstrong ("Plaintiff" or "Armstrong"), is a woman who was employed by Defendant Hempstead Union Free School District from 1990 until her constructive discharge on September 5, 2024.

9. Defendant Hempstead Union Free School District is a public school system in Long Island. Its mission "is to ensure that students achieve personal growth and academic success and become productive citizens in a global society, by engaging students, staff, family and community in a comprehensive, challenging curriculum and effective instructional program which responds to each student's needs and aspirations in a safe and nurturing environment.."[1] Its office where Plaintiff was employed is located at: 185 Peninsula Boulevard, Hempstead, NY 11550. The Defendant Board of Education of the Hempstead Union Free School District is the governing body of the Hempstead Union Free School District. Defendant Board of Education of the Hempstead Union Free School District is also located at 185 Peninsula Boulevard, Hempstead, NY 11550.

10. Defendant Victor Pratt ("Pratt") is an individual who, upon information and belief, resides in 40 Marshall Street in Hempstead, NY. At all times relevant to this Complaint, Pratt was

---

[1] Hempstead Union Free School District, "About Our District", available at: https://www.hempsteadschools.org/Domain/6 (Last visited on October 4, 2024).

a Trustee on the Board of Education by the Hempstead Union Free School District. Pratt is being sued in his capacity as a Board of Education President/Trustee and as an individual. Pratt became a Trustee of the Board of Education in May of 2020. During all relevant times Pratt actively, willfully and knowingly engaged in illegal conduct with respect to Board Policy and Plaintiff's employment contract. Additionally, Pratt personally defamed Plaintiff's name by falsely publishing statements to the press that Plaintiff was relieved of her duties as Superintendent because she was the subject of an investigation into her unauthorized use of the public school buildings.

## JURISDICTION AND VENUE

11. Plaintiff filed a charge of wrongful termination with the Equal Employment Opportunity Commission on or about September 17, 2024, complaining of the acts of breach of contract, defamation, whistleblowing, and retaliation, alleged herein. The U.S. Department of Justice's Civil Rights Division, which has jurisdiction over this claim because the Hempstead Union Free School District is a municipality, issued a Right to Sue Letter to Plaintiff on June 10, 2025.[2]

12. Plaintiff has timely served a copy of the Notice of Claim on the Hempstead Union Free School District.[3] Service of the Notice of Claim was effected on October 10, 2024.[4] The Hempstead Union Free School District conducted a 50-H hearing with Plaintiff on January 27, 2025

---

[2] Right to Sue Letter from the Department of Justice is attached here as Exhibit A.
[3] Notice of Claim attached here as Exhibit B.
[4] Receipt of Notice of Claim attached here as Exhibit C.

13. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

14. Hempstead Union Free School District maintains an office in Nassau County Long Island where Plaintiff and Pratt were based during times relevant to this Complaint and in which the unlawful practices complained of herein occurred. Accordingly, the venue is proper within the U.S. District for the Eastern District of New York.

## FACTUAL ALLEGATIONS

15. During Plaintiff's 34 years of employment at Hempstead Union Free School District (HUFSD), Plaintiff served as a teacher, curriculum specialist, assistant principal, principal, assistant superintendent, Interim Superintendent of Schools and then as Superintendent of Schools.

16. Plaintiff, who worked for the HUFSD from September of 1990 until September 5, 2024, was promoted on June 17, 2021 to the position of the Superintendent of Schools of HUFSD.

17. Plaintiff's performance evaluations noted her work was outstanding and exceeded expectations and detailed her notable achievements—including, but not limited to feats such as the district obtaining a Good Standing after decades of being on NYSED list of Districts in Need of Improvement.

18. The HUFSD witnessed many improvements during Plaintiff's tenure. Prior to Plaintiff's tenure, the district was criticized for struggling as one of the worst performing school districts in the nation with a graduation rate of 37% in June of 2017. When Plaintiff became

acting Superintendent at the beginning of the year in January of 2018, the school district immediately began seeing noticeable improvement and progress.[5]

19. Under Plaintiff's care, the school district's high school graduation rate is now 86% and Hempstead High School received recognition from the NYS Education Department as the most improved school in the state.

20. The Hempstead Union Free School District no longer has schools on the New York State Education Department's (NYSED) list of underperforming schools as Hempstead High School, Alverta B. Gray Schultz Middle School and all elementary schools were removed from the NYSED Receivership list. As a result of the work of Plaintiff, the Hempstead Union Free School District has been in Good Standing as of July 2024.

21. Plaintiff's achievements at HUFSD also include addressing the District's longstanding facility needs by floating bonds to secure over $200 million in low-interest, tax-free bonds for capital projects and upgrades that led to improvements in school district such as the construction of a new elementary school that was priorly closed for over 20 years, and construction of a new athletic complex at the high school, replacement of roofs throughout the school district, an extension to the middle school that led to the demolition of all portable classrooms, upgrades to all HVAC systems in all schools.

22. Plaintiff also led the district through the COVID-19 pandemic, utilized her grant writing skills to obtain millions in grants for the district, and implemented an Energy Performance Contract that will lead to utility savings through lighting and heating upgrades in the

---

[5] CBS News, "State-Appointed Monitor: Struggling Hempstead School District Beginning To Make Progress", available at: https://www.cbsnews.com/newyork/news/hempstead-school-district-graduation-rates-jack-bierwirth/ (Last visited on October 11, 2024)

schools. She also worked with the Assembly to secure buses for student transportation, allowing HUFSD to have its own fleet of buses for the first time to transport its children."[6]

**HUFSD's Attacks Against Plaintiff.**

23. Plaintiff's efforts and results are the product of hard work and hard decisions. These decisions included cutting out the nepotism and corruption that existed at Defendant Hempstead Union Free School District and within the Board of the Hempstead Union Free School District. This included whistleblowing on the activities by Board members that were detrimental to the children of the school district.

24. In retaliation, the HUFSD Board of Education has engaged in inappropriate behavior and conduct that not only undercut the authority of Plaintiff's stature as the Superintendent of HUFSD, but directly violated Board Policy and the employment agreement between Plaintiff and the HUFSD and its Board of Education.

25. On October 15, 2020, Plaintiff requested an emergency investigation to be conducted by the Scher Law Firm, LLP due to allegations made by board members alleging Plaintiff's administration covering up a possible sexual assault that occurred at a school in the district. Conclusions from the investigation showed that the allegations were false. There was no cover up or corrupt actions by Plaintiff's cabinet. No sexual assault had occurred, rather two employees, Dr. Rodney Gilmore and Sylas Pratt, had followed proper protocol and took precautions to minimize disclosure of a sexual harassment investigation. Plaintiff was also vindicated and lauded for using her good instincts to not report to the Police upon hearing the dangerous rumors about an alleged sexual assault, which could have ruined the reputation of a staff member after false claims were made. Furthermore, findings from the

---

[6] LI Herald East Meadow, "Enhancing education through accessible transportation", available at: https://www.liherald.com/eastmeadow/stories/enhancing-education-through-accessible-transportation,209989.

October 15th investigation showed clear evidence of board members, Carmen Ayala and Patrica McNeil, discussing serious accusations against Plaintiff with subordinates.

**Background and Context.**

26. In 2020, Victor Pratt became a Board Trustee of HUFSD and immediately attempted to influence decision-making in hiring by casting votes to hire his family. This included his brother, Sylas Pratt, and his sister, Bridgett Pratt, for roles in which they were not qualified. Even going so far as to cast the deciding vote to hire his sister, Bridgett Pratt, for an assistant coordinator role when he should have recused himself from voting. When Plaintiff reported this misconduct and Victor Pratt's abuse of authority to then-Board president, Lamont Johnson, Victor Pratt began a campaign to attempt to fire Plaintiff, which included hosting meetings at his home and other clandestine locations and drafting a resolution that failed to be voted on by the Board.

27. Specifically, on September 17, 2020, Defendant Victor Pratt, initiated a resolution to the HUFSD Board of Education to seek the immediate removal of Plaintiff as Superintendent. This resolution failed. Subsequently, upon information and belief from documents received by Plaintiff, Board members circulated confidential information to members of Plaintiff's staff. Board Policy states that all matters of personnel must be saved for Executive Session and Board members must not share official or confidential information with subordinates.[7] However, Board members clearly not only shared concerns outside of an Executive Session, Board members shared confidential information to subordinates of Plaintiff.

---

[7] https://www.nyssba.org/clientuploads/nyssba_pdf/Events/precon-boa-2023/2023_NYSSBA_Executive_Session_FAQ_Brochure_2023_web.pdf

28. Upon information and belief, Victor Pratt held these meetings at his home in an effort to come up with a strategy to terminate Plaintiff as Superintendent. Victor Pratt continued throughout the years on the Board to question Plaintiff's hiring practices, even going so far as to make a public statement that there were unfair hiring practices in the district although his own voting privileges allowed him to hire and promote his own siblings.

29. In 2022, Victor Pratt became the vice-president of the Board and on March 17th, 2022, he issued a public statement at a Board Meeting stating that HUFSD had unfair hiring practices and cited the job title of "Attendance Teacher" as evidence that the Plaintiff Administration's hiring practices were unfair. Four days later on March 21, 2022, Victor Pratt's Brother, Sylas Pratt, texted Plaintiff, "[you] have the power to appoint me immediately…why do I have to be dragged through the fire again." Plaintiff reported these communications and conduct to Board Trustee Lamont Johnson in an attempt to whistleblow Victor Pratt's abuse of authority. On October 9, 2024, shortly after Plaintiff was reassigned to home, Sylas Pratt, brother of Victor Pratt was promoted from a Teaching Assistant to an Attendance Teacher at a salary of $64,501.

30. In July of 2024, Victor Pratt became President of the HUFSD Board of Education. On September 5th, 2024, Victor Pratt put forth a resolution to make an improper $15,000 stipend payment to a civil servant, Audrey Little. Plaintiff objected to this payment and alerted the entire Board of Trustees that this payment was unethical because a Memorandum of Agreement must be generated by the HSCSA bargaining unit, which has oversight over these types of payments. Immediately after Plaintiff objected to this payment and provided the reasons why it was illegal, Board President Victor Pratt put forth

a resolution to remove Plaintiff from her role as Superintendent of School, re-assigning Plaintiff to "home effective immediately pending a review of recent conduct."[8]

**Termination.**

31. As mentioned in paragraph 30 above, in the Board meeting on September 5th, 2024, Plaintiff objected to a resolution to make an improper stipend payment to a civil servant. Plaintiff had already alerted the Board of other inappropriate conduct by Victor Pratt, and now she alerted the entire Board of Trustees that this payment was unethical. As a result of Plaintiff's objection, the improper stipend payment was denied. Immediately after this objection, Victor Pratt and the Board of HUFSD reassigned Plaintiff and she was stripped of her role as Superintendent of Schools. Plaintiff never received any prior communication or mention regarding conduct of hers that required review nor was she told any details on the reasoning of her reassignment to home. Immediately after Plaintiff's constructive discharge, on September 6, 2024, Victor Pratt made a disparaging public statement accusing Plaintiff of misconduct and stated that Plaintiff was the subject of an investigation.

32. After the HUFSD removed Plaintiff from her role as Superintendent, Security was instructed to confiscate her identification and her keys.

33. Less than an hour after HUFSD removed Plaintiff from her role as Superintendent, Plaintiff's work email was disconnected and her personal email accounts were blocked from contacting any email accounts within the HUFSD.

---

[8] HUFSD, "Hempstead Public Schools BOE Special Meeting Minutes September 5, 2024" , available at: https://www.hempsteadschools.org/site/handlers/filedownload.ashx?moduleinstanceid=15460&dataid=14851&FileName=9-5-2024%20Special%20Meeting%20Minutes.pdf

34. On September 12, 2025, Defendants HUFSD and the Board of Education of the Hempstead Union Free School District sent Plaintiff a letter instructing her to return all equipment that was the property of the School District and informing Plaintiff that Plaintiff was barred from communication with any employee of the Hempstead Union Free School District.

35. On September 6th, 2024, Victor Pratt appeared in newspapers and on news television shows and issued a public statement that Plaintiff was removed from her role as Superintendent of Schools as part of an investigation into unauthorized use of school facilities. This defamatory statement was untrue and an attempt to publicly disparage and harm Plaintiff as there has never been an allegation or investigation related to unauthorized use of school facilities. Plaintiff was never given an opportunity to respond to the allegations Pratt and other members of the Board raised. The decision to use classroom facilities for SAT testing had been made through the usual and proper channels, and had never been an issue before. The decision to terminate Plaintiff was made without the benefit of any investigation into the alleged misconduct.

36. Victor Pratt's statements to the media and news outlets stated the Board's move to oust Plaintiff was the result of "looking into the possible misuse of facilities," which along with other incidents "led to a breakdown of trust between the Board and the [Plaintiff], so [the Board] decided to start the new year with a new superintendent."[9] Plaintiff who has been lauded for the significant improvements in the School District was ousted by the Board for "a series of events" that she was not even made aware of from the Board. Despite Plaintiff only being told at the Board Meeting on September 5th, 2024 that she was being removed

---

[9] News 12 Hudson Valley, "Hempstead school board says it parted ways with current district superintendent", available at: https://hudsonvalley.news12.com/hempstead-school-board-says-it-parted-ways-with-current-district-superintendent

pending review of her conduct, the very next day (September 6, 2024) Victor Pratt published statements stating the Board decided to part ways with Plaintiff after careful consideration and deliberation. In a subsequent social media post recorded and posted to Facebook in May of 2025, Defendant Victor Pratt admitted that Plaintiff was not the subject of any investigation and that he terminated Plaintiff from her role because Defendant Pratt could not trust Plaintiff because of Plaintiff's prior activities in holding the Board accountable.

37. In fact, Plaintiff's termination came as a surprise to many people in the school district. It is also believed that Audrey Little is the person who provided the BOE with a copy of the list of students who took the SAT exam. The resolution to provide Audrey Little the $15,000 stipend payment was also later approved on the September 18th, 2024 docket as a Memorandum of Agreement.

38. On September 17th, 2024, Plaintiff's counsel sent a letter to Victor Pratt and the entire Board of Trustees and the attorneys representing the Board of Trustees alerting them that a claim was being filed and that Plaintiff planned to file a lawsuit. After this notice was received by the Board of Trustees, Plaintiff's sister, an employee of the HUFSD was demoted from her role at the HUFSD. This is a sign of retaliation from the board. There have also been instances where other Board Members have been accused of egregious misconduct and it was ignored. For instance, at the July 2024 BOE meeting, the attorneys brought to the Board's attention that it was reported to them by the NYS Education Monitor assigned to the district that the District Clerk was accused of committing election fraud. The board did not investigate the matter.

39. Plaintiff was never given an opportunity to respond to the allegations Pratt and other members of the Board raised. The decision to use classroom facilities had been made through the proper channels, had been approved following the usual procedures, and had been disclosed. In fact, Hempstead High School's administration of the SATs hosted by the College Board preceded Plaintiff's tenure as Superintendent. A document from the College Board for the 2013-2014 calendar year, lists Hempstead HS as a testing center. The Superintendent during that time was Ms. Susan Johnson, the current Acting Superintendent who replaced Plaintiff. The meeting on September 5th, 2024 was the first time that anyone at HUFSD or its Board had expressed a concern to Plaintiff about there being conduct requiring review.

40. The decision to terminate Plaintiff was made without the benefit of any substantial investigation into the alleged misconduct. Obviously the evidence of prior approval was ignored, as was any input from the parties involved in the SAT testing. Plaintiff was not granted her due process rights before being terminated as stated in her Employee Contract Agreement.

41. Plaintiff's Employee Contract states that the Board is required to refer, in writing, to the Superintendent, criticism or complaints regarding administration of the District or it may not be utilized against the Superintendent.[10] The Board of Education of the Hempstead Union Free School District had not been forthcoming with Plaintiff on any conduct that lead to Plaintiff's removal except for Defendant Victor Pratt's Facebook live recordings. Plaintiff was completely blindsided and had no indication from the Board that she engaged in conduct that could lead to the District constructively discharging her.

---

[10] Employment Aggreement for HUFSD's Superintendent of Schools, attached here as Exhibit D.

42. HUFSD's BOE has personally and professionally defamed Plaintiff with unproven false claims and narratives that have soiled and assassinated Plaintiff's character and Superintendent tenure that was full of many accolades and incredible feats. There was no investigation into the matter of Plaintiff's role in use of a school facility to administer an SAT exam without authorization and no breakdown in the Board's trust in Plaintiff. Rather Board Members such as Board President, Victor Pratt, held a personal vendetta and held active campaigns to get rid of Plaintiff to further his own interests. The HUFSD's BOE has been engaging in inappropriate misconduct by attacking Plaintiff and retaliating against her whistleblowing the activities of Victor Pratt and the Board in hiring and promoting Victor Pratt's family members.

43. The termination of Plaintiff's role as Superintendent violated the terms of her employment agreement and the process of removing Plaintiff from her role violated the terms of her employment agreement with Defendants HUFSD and the Board of the Hempstead Union Free School District.

44. Plaintiff exercised good judgment in reporting the corrupt conduct of Victor Pratt to then-president Lamont Johnson in 2022. This reporting stopped Victor Pratt's attempt at nepotism and corruption, which would have worked to the detriment of the public good, namely the children being served by the Hempstead Union Free School District. In retaliation for this whistleblowing and in retaliation for stopping an illegal payment to Audrey Little, Defendants removed Plaintiff from her role as Superintendent in a very public and defamatory manner that damaged her reputation and ability to obtain another job. This conduct by the Defendants also ended Plaintiff's ability to obtain public speaking

positions as her reputation in the education field has been severely damaged as a public leader under investigation- even though there has never been an investigation.

## FIRST CLAIM FOR RELIEF

## PLAINTIFF AGAINST HUFSD

## BREACH OF CONTRACT IN VIOLATION OF

## THE EMPLOYMENT AGREEMENT FOR PLAINTIFF TO BE SUPERINTENDENT OF SCHOOLS

45. Plaintiff repeats and re-alleges paragraphs 1 - 44 of this Complaint as if set forth herein.

46. Plaintiff was the Superintendent of Schools and under the terms of the Amployment Agreement between Plaintiff and Defendants, any complaints or criticism by the HUFSD Board may not be utilized against the Superintendent if those complaints or criticisms are not previously provided to the Superintendent in writing and then mediated.

47. The Board never provided Plaintiff with any criticism or complaint regarding permissions from the Board regarding student testing nor was Plaintiff made aware of any of her actions that the Board disapproved of and that explicitly led to a "breakdown in trust" of her abilities. The Board had not given Plaintiff any such referrals for recommendation regarding the administration of the District and her performance as Superintendent as outlined in her employment agreement.

48. Instead of following the terms of the Employment Agreement, the Board took it upon themselves to constructively discharge Plaintiff by removing her from her role, disconnecting her devices, barring communication and making public statements that Plaintiff was removed from her role for conduct that required an investigation.

49. Plaintiff was told she was being sent home pending review of conduct and the next day she was slandered in the news and media for misconduct.

50. The Board went to such drastic measures that were not grounded in surety nor actual basis as there had been no prior documented referrals of complaints for Plaintiff regarding her administration as Superintendent.

51. The Board's swift decision to constructively discharge Plaintiff without any concrete proof or evidence about her role in a SAT test being held in a school without the Board's approval was a rash decision that has severely harmed the Superintendent and school district.

52. By the actions described above, HUFSD BOE has violated and breached the terms of Plaintiff's employment agreement. HUFSD knew its actions constituted unlawful grounds or showed reckless disregard for Plaintiff's protected rights.

53. Plaintiff suffered irreparable injury, economic harm, and monetary damage from HUFSD's misconduct and will continue to do so unless and until the Court grants relief. As a direct and proximate result of HUFSD's unlawful discriminatory conduct, Plaintiff has suffered physical and emotional symptoms and continues to suffer severe mental anguish and emotional distress including but not limited to humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

**SECOND CLAIM FOR RELIEF**

**PLAINTIFF AGAINST HUFSD**

**BREACH OF CONTRACT IN VIOLATION OF DUE PROCESS RIGHTS IN PLAINTIFF'S**

**EMPLOYMENT AGREEMENT TO BE SUPERINTENDENT OF SCHOOLS**

54. Plaintiff repeats and re-alleges paragraphs 1 - 53 of this Complaint as if set forth herein.

55. Plaintiff was the Superintendent of Schools and under the terms of the Employment Agreement with Defendant HUFSD (a government entity or agency of a municipality) any discontinuance of Employment has clear established rules.

56. During a school board meeting at the start of the 2024-2025 school year, the HUFSD BOE voted on a resolution to reassign Plaintiff to home pending a review of a recent conduct and appointed an acting Superintendent.

57. Plaintiff did not receive her due process before the HUFSD BOE voted to constructively discharge Plaintiff nor after. Any charges should have been received in writing and subject to a fair hearing, which she has not been afforded. Instead of due process, Plaintiff has been wrongfully terminated and publicly defamed.

58. Defendants' actions were willful. Defendants acted with malice and or reckless indifference to Plaintiff's protected rights.

59. Plaintiff suffered irreparable injury, economic harm, and monetary damage from the Defendants' misconduct and will continue to do so unless and until the Court grants relief. As a direct and proximate result of the Defendants' unlawful misconduct, Plaintiff has suffered physical and emotional symptoms and continues to suffer severe mental anguish and emotional distress including but not limited to humiliation, embarrassment, stress and

anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## THIRD CLAIM FOR RELIEF

## PLAINTIFF AGAINST HUFSD

## DISCRIMINATION BASED ON RETALIATION IN VIOLATION

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. §§ 2000e et seq.)

60. Plaintiff repeats and re-alleges paragraphs 1 – 59 of this Complaint as if set forth herein.

61. Plaintiff was at all times HUFSD's employee and HUSFD was at all times Plaintiff's employer as these terms are defined under Title VII of the Civil Rights Act of 1964 ("Title VII").

62. Plaintiff is a member of a protected class as Title VII protects individuals from employment discrimination based upon retaliation.

63. Plaintiff made formal complaints in an attempt to whistleblow the activities of Victor Pratt and the HUFSD's board in in attempting to make inappropriate and illegal payments, hirings and promotions.

64. As a result of Plaintiff's protected activity—namely, making formal complaints regarding the alleged unlawful activities of Victor Pratt and the HUFSD board—Defendant HUFSD and its agents were aware of Plaintiff's engagement in protected conduct.

65. Following Plaintiff's complaints, Defendant HUFSD, by and through its agents, subjected Plaintiff to adverse employment actions, including but not limited to removing her from her role as Superintendent, publicly admonishing the name, reputation and work of Plaintiff, requiring Plaintiff's staff to refrain from communicating with Plaintiff and not renewing Plaintiff's contract as Superintendent.

66. The adverse actions taken against Plaintiff were causally connected to Plaintiff's protected activity, as evidenced by the temporal proximity between Plaintiff's complaints and the adverse actions, as well as statements and conduct by Defendant's agents (namely, Defendant Victor Pratt) indicating retaliatory motive.

67. Defendant HUFSD's actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, which prohibits employers from retaliating against employees for engaging in protected activity, including opposing practices made unlawful by Title VII or participating in investigations, proceedings, or hearings under Title VII.

68. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer economic loss, emotional distress, damage to reputation, and other compensable injuries.

69. Plaintiff is entitled to all remedies available under Title VII, including but not limited to reinstatement, compensatory and punitive damages, attorneys' fees, and costs.

70. Plaintiff was discriminated against in violation of Title VII. After she was removed from her role as Superintendent for a conduct unbeknown to her and then publicly disparaged with false statements regarding an investigation into her misconduct, Plaintiff retained counsel who sent a letter to the entire HUFSD BOE informing them she was filing a lawsuit, and right after they received the letter her sister, and employee of the HUFSD was demoted from her role.

71. Plaintiff was constructively discharged with no explanation or investigation into an alleged misconduct right after Plaintiff blocked a resolution the Board tried to pass to improperly give funds to a district employee.

72. By the actions described above, HUFSD has discriminated against Plaintiff on the basis of retaliation. HUFSD knew its actions constituted unlawful discrimination or showed reckless disregard for Plaintiff's statutorily protected rights.

73. Plaintiff suffered irreparable injury, economic harm, and monetary damage from HUFSD's discriminatory conduct and will continue to do so unless and until the Court grants relief. As a direct and proximate result of HUFSD's unlawful discriminatory conduct, Plaintiff has suffered physical and emotional symptoms and continues to suffer severe mental anguish and emotional distress including but not limited to humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

<strong><u>FOURTH CLAIM FOR RELIEF</u></strong>

<strong><u>PLAINTIFF AGAINST ALL DEFENDANTS</u></strong>

<strong><u>DISCRIMINATION BASED ON RETALIATION AND WHISTLEBLOWING IN VIOLATION OF THE NEW YORK  STATE HUMAN RIGHTS LAW</u></strong>

<strong><u>N.Y. EXEC. LAW §§ 290 et seq.</u></strong>

74. Plaintiff repeats and re-alleges paragraphs 1 - 73 of this Complaint as if set forth herein.

75. Plaintiff was at all times HUFSD's employee and HUFSD was at all times Plaintiff's employer as these terms are defined under the New York State Human Rights Law ("NYSHRL").

76. Victor Pratt is a proper individual defendant under the NYSHRL because he directly participated in the discriminatory conduct against Plaintiff and exercised managerial authority on behalf of HUFSD as the president of the board.

77. Plaintiff is a member of a protected class as the NYSHRL prohibits discrimination on the basis of retaliation.

78. HUFSD, HUFSD BOE, and Victor Pratt through the actions of the district and Victor Pratt, discriminated against Plaintiff based upon retaliation. Plaintiff's work was undermined and her leadership called into question in a manner that is inappropriate and a violation of her rights. Other employees who had been accused of serious allegations such as the District attorneys bringing to the Board's attention at a July 2024 BOE meeting that the District Clerk was being accused of committing election fraud in a report sent to them by the NYS Education Monitor assigned to the District, were not investigated and the matter was simply ignored by the Board. Unlike Plaintiff, this employee who has been suspected of wrongdoing has not been sent home pending review of their conduct nor have they been humiliated or had their reputations harmed as the Defendants did to the Plaintiff when Pratt unjustifiably told the local news and media outlets that Plaintiff was being terminated for misconduct and that the BOE was parting way with her after a breakdown of trust in serious of incidents. After Plaintiff was removed from her role as Superintendent for a conduct unbeknown to her and then publicly disparaged with false statements regarding an investigation into her misconduct, Plaintiff retained counsel who sent a letter to the entire HUFSD BOE informing them she was filing a lawsuit, and right after they received the letter her sister, and employee of the HUFSD was demoted from her role. Plaintiff was constructively discharged with no explanation or investigation into an alleged misconduct right after Plaintiff blocked a resolution the Board tried to pass to improperly give funds to a district employee.

79. Plaintiff was terminated despite the fact that there was no investigation into the matter on whether Plaintiff used a school facility to administer an SAT exam without authorization and no breakdown in the trust of the Board and Plaintiff.

80. By the actions described above, HUFSD has discriminated against Plaintiff on the basis of retaliation. HUFSD knew its actions constituted unlawful discrimination or showed reckless disregard for Plaintiff's statutorily protected rights.

81. Plaintiff suffered irreparable injury, economic harm, and monetary damage from HUFSD's discriminatory conduct and will continue to do so unless and until the Court grants relief. As a direct and proximate result of HUFSD's unlawful discriminatory conduct, Plaintiff has suffered physical and emotional symptoms and continues to suffer severe mental anguish and emotional distress including but not limited to humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

### FIFTH and SIXTH CLAIMS FOR RELIEF

### PLAINTIFF AGAINST ALL DEFENDANTS

### DEFAMATION and DEFAMATION PER SE

82. Plaintiff repeats and re-alleges paragraphs 1 - 81 of this Complaint as if set forth herein.

83. Plaintiff has never been accused of violating any policies or procedures of HUFSD.

84. Plaintiff has never misappropriated resources or relationships at HUSFD and has never been accused of misappropriation.

85. Plaintiff Plaintiff was removed from her role as Superintendent in violation of her contract with HUFSD and then publicly disparaged with false statements regarding an investigation into her misconduct by Victor Pratt. Specifically, Defendant Victor Pratt, speaking on behalf of himself and on behalf of the Defendants HUFSD and it Board, publicly stated to various new media outlets on September 6, 2024, that the Plaintiff was removed from her role as Superintendent because she improperly used school facilities and Plaintiff was

under investigation. This statement was not true. Plaintiff was never accused of using scholl facilities improperly and Plaintiff was never the subject of an investigation. Defendant Pratt would go on to acknowledge that this statement was not true in subsequent social media posts in May of 2025.

86. Plaintiff was constructively discharged with no explanation or investigation into an alleged misconduct right after Plaintiff blocked a resolution the Board tried to pass to improperly give funds to a district employee.

87. Defendant Victor Pratt knowingly made false and defamatory statements in the press and media about Plaintiff and accused Plaintiff of professional misconduct on September 6, 2024 and in subsequent social media posts after September 6, 2024.

88. Plaintiff suffered irreparable injury, economic harm, and monetary damage from Victor Pratt's conduct and will continue to do so unless and until the court grants relief. As a direct and proximate result of HUFSD and Victor Pratt's conduct, Plaintiff has suffered physical and emotional symptoms and continues to suffer severe mental anguish and emotional distress including but not limited to humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## **DEMAND FOR TRIAL BY JURY**

89. Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory, emotional, and punitive damages in an amount to be determined at trial against Defendants, together with interests and costs;

b) Awarding Plaintiff any and all available statutory remedies, both legal and equitable;

c) Awarding Plaintiff such interest as is allowed by law;

d) Awarding Plaintiff her reasonable attorneys' fees and costs and

e) Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 27, 2025


Respectfully submitted,


_____
Keith White, PLLC
By: Keith White
396 Waverly Avenue
Brooklyn, New York 11238
(718) 403-9261
keith@keithwhitelaw.com