**FILED**
**CLERK**

**12/1/2025**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
REGINA ARMSTRONG,

<em>Plaintiff,</em>


-against-


HEMPSTEAD UNION FREE SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE HEMPSTEAD UNION
FREE SCHOOL DISTRICT, and VICTOR PRATT,

<em>Defendant</em>s.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORDER**
25-cv-03611 (RPK) (JMW)

**A P P E A R A N C E S:**

Keith White
**Keith White, PLLC**
396 Waverly Avenue
Brooklyn, NY 11238
*Attorney for Plaintiff*

Austin R. Graff
**The Scher Law Firm, LLP**
600 Old Country Road, Suite 440
Garden City, NY 11530
*Attorneys for Defendants Hempstead Union Free School District and*
*Board of Education of the Hempstead Union Free School District*

Cristina A. Soller
**Morris Duffy Alonso Faley & Pitcoff[1]**
101 Greenwich Street, 22nd Floor
New York, New York 10006
*Attorney for Defendant Victor Pratt*

**WICKS**, Magistrate Judge:

Plaintiff Regina Armstrong ("Plaintiff") commenced this action on June 28, 2025, against

Defendants Hempstead Union Free School District (the "District"), Board of Education of the

---

[1] The Notice of Appearance for Victor Pratt's Counsel includes a different address and firm than that of the address and firm used in the instant motion. The undersigned uses the latter. However, Counsel is hereby directed to update the correct address on ECF.

Hempstead Union Free School District (the "Board" and collectively the "District Defendants"), and Victor Pratt ("Pratt" and collectively the "Defendants"). (ECF No. 1.) Plaintiff was the Superintendent for the District Defendants. (*Id.*) Plaintiff in her Amended Complaint alleges claims for (i) breach of contract, (ii) violation of due process rights, (iii) retaliation in violation of the First Amendment, (iv)  discrimination based on retaliation in violation of N.Y. Labor Law § 740 (v) retaliation under N.Y. Civil Service Law § 75-B (Public Employee Whistleblower Protection), (vi) defamation, and (vii) defamation per se, as a result of wrongful "constructive discharge" in violation of Plaintiff's constitutional rights that resulted in "suffering and damages to Plaintiff's reputation, mental and emotional health, [and] … income." (*See generally*, ECF No. 24.) This case is in its nascent stage and now the Court is tasked with determining if a stay of discovery is warranted pending the anticipated motions to dismiss. (*See* ECF Nos. 26-29; Electronic Order dated 11/7/2025.) Therefore, before the Court is the District Defendants' Motion to Stay Discovery (ECF No. 27), Pratt's Motion to Stay Discovery (ECF No. 28), both of which are opposed by Plaintiff (ECF No. 29). For the reasons stated herein, Defendants' Motions to Stay Discovery pending the anticipated motion to dismiss (ECF No. 27-28) are **GRANTED**.

## THE LEGAL FRAMEWORK

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court.  *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a

stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically

consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is

unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of

unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into

consideration the nature and complexity of the action, whether some or all of the defendants have

joined in the request for a stay, and the posture or stage of the litigation." *Id.*

## ANALYSIS

In sum, consideration of the three factors warrants a stay under the circumstances

presented. *First*, Defendants have shown that a majority of Plaintiff's claims are unmeritorious

and are unlikely to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2]  (ECF Nos.

27-1, 28-1) *Second*, if discovery were to proceed, all fact discovery and depositions would have

to be taken, while waiting for a ruling on the anticipated motion to dismiss, which could end the

case. And *third*, given the very early stages of this case, the risk of unfair prejudice to Plaintiff is

low.  Each of these factors is considered below.

### I.     *Defendants' Showing that Plaintiff's Claims are Unmeritorious*

Defendants are preparing to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the

entire Amended Complaint. While the motions are not fully briefed or filed yet, such papers are

to be filed by December 15, 2025, per the Hon. Rachel P. Kovner's Order. (*See* Electronic Order

dated September 18, 2025.) Defendants attach as exhibits, their motions to dismiss to the instant

application. (*See* ECF Nos. 27-1, 28-1.) Generally, to survive a motion to dismiss under Rule

12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[2] This conclusion is not intended in any way to pre-judge the motion to dismiss which has yet to be fully briefed or filed. The analysis is done solely for the purposes of determining whether a discretionary stay is appropriate.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

Plaintiff's Amended Complaint alleges seven claims. A review of the motion papers attached as exhibits (ECF Nos. 27-1; 28-1; 29-1; 29-2) illustrates that majority of Plaintiff's claims are likely to result in dismissal, warranting the stay at this stage. Defendants collectively aver that each claim is meritless (ECF Nos. 27 at 2; 28 at 1-2), while Plaintiff maintains that she has met the requisite pleading standing (ECF No. 29 at 4).

First, to adequately plead a breach of contract claim under New York law, the complaint must include allegations that (i) a contract was formed between the parties, (ii) plaintiff performed on that contract, (iii) defendant failed to perform, and (iv) resulting damages. *See Ben Ciccone, Inc. v. Naber Elec. Corp.*, 186 N.Y.S.3d 301, 303 (N.Y. App. Div. 2d Dep't 2023); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017). Here, Plaintiff alleges that a claim of breach of contract against the District Defendants for constructive discharge rather than following the terms of the Employment Agreement, which requires any complaints be provided in writing. (ECF No. 24 at 15.) District Defendants point to the Employment Agreement itself, attached as an exhibit to the Amended Complaint (ECF No. 24-4) to demonstrate that when a complaint or criticism is not referred, it may not be used against a superintendent, which is what occurred here.[3] (ECF No. 27-1 at 4.) Moreover, Defendants aver

---

[3] The relevant paragraph of the Employment Agreement states,

that no vote was ever conducted to terminate employment, and thus, no writing was required

pursuant to the Employment Agreement leading to no breach. Therefore, Defendants appear to

have raised a viable defense to the breach claim, even assuming the truth of the Amended

Complaint.

Second, Plaintiff claims violations of her due process rights in connection with the

Employment Agreement.

> Property interests protected by due process ... are created and their dimensions are
> defined by existing rules or understandings that stem from an independent source
> such as state law-rules or understandings that secure certain benefits and that
> support claims of entitlement to those benefits. To establish such an interest, a
> plaintiff must show that he or she had a legitimate claim of entitlement to the
> interest,       as       opposed       to       a       mere       "unilateral       expectation.

*MacFall v. City of Rochester*, 495 F. App'x 158, 159 (2d Cir. 2012) (internal citations and
quotations omitted).

Specifically, Plaintiff claims that she had a "protected property interest in her continued

employment as Superintendent of Schools, established by her employment contract," which

when placed her on administrative leave without prior written notice, her right to be heard was

violated. (ECF No. 24 at ¶ 58.) However, Defendants point out that Plaintiff received all pay and

benefits during this period and therefore, no deprivation of her property right occurred. (ECF No.

27-1 at 8-9; 28-1 at 7-8.) Courts in this Circuit, including the Second Circuit have agreed with

that principle. *See O'Connor v. Pierson*, 426 F.3d 187, 199 (2d Cir. 2005) (affirming in part

summary judgment) ("Yet no court has held that an employee on fully paid leave has been

---

"Referral of Complaints. The Board will promptly refer to the Superintendent in writing
any criticism, complaint or suggestion which in its collective judgment is deserving of such
referral for her study and recommendation regarding the administration of the District or
the Superintendent's performance of her duties. Any criticism, complaint or suggestion that
is not referred to the Superintendent may not be utilized against the Superintendent
pursuant to paragraph "16.4" below."

(ECF No. 24-4 at ¶ 5.)

deprived of a property right merely by virtue of being relieved of his job duties."); *Brown v. Waterbury Bd. of Educ.*, 247 F. Supp. 3d 196, 220–21 (D. Conn. 2017) (internal citations omitted) (summary judgment motion) ("Throughout his administrative leave, Brown received his full benefits and salary. Therefore, his placement on administrative leave did not deprive him of a protected property interest."); *see also Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 291 (S.D.N.Y. 2002) (granting motion to dismiss) ("Moreover, the plaintiff received his ordinary salary during this period. In these circumstances, the plaintiff was not been deprived of any interest that rises to the level of a protected property interest."); *Karam v. Utica City Sch. Dist.*, No. 23-CV-0020 (GTS)(MJK), 2025 WL 641636, at *13 (N.D.N.Y. Feb. 27, 2025) (granting motion to dismiss after finding that plaintiff's claims did not "rise to the level required to state a substantive due process claim"); *Smeraldo v. Jamestown Pub. Sch.*, No. 21-CV-578 (LJV), 2023 WL 424490, at *6 (W.D.N.Y. Jan. 26, 2023) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006) (granting motion to dismiss) ("[A]dministrative leave with pay during the pendency of an investigation does not, without more, constitute an adverse employment action.")). Therefore, Defendants are likely to succeed on this claim.

Third, as for Plaintiff's claim of First Amendment retaliation under Section 1983, Plaintiff alleges that she engaged in protected speech as a private citizen and a public official when reporting Pratt's misconduct and abuse of authority, which resulted in *inter alia* her removal as superintendent as well as barring her from communicating with colleagues and disconnecting her emails. (ECF No. 24 at ¶¶ 66-67.) Plaintiff's fourth and fifth New York claims for retaliation allege the same. (*Id.* at ¶¶ 72-84.) As an initial matter, Plaintiff's attached opposition to the motion to dismiss discusses retaliation under Title VII of the Civil Rights Act

of 1964 and the New York State Human Rights Law. (ECF No. 29-1 at 11.) However, her

Amended Complaint references the First Amendment and other New York laws.

> To survive a motion to dismiss, a plaintiff claiming that he was retaliated against in violation of the First Amendment must plausibly allege that (1) he engaged in speech or activity that was protected by the First Amendment; (2) he suffered an adverse employment action; and (3) a causal connection existed between the adverse action and the protected activity. The speech of a public employee is protected by the First Amendment when the employee speaks as a citizen on a matter of public concern, rather than pursuant to his employment responsibilities.

*Specht v. City of New York*, 15 F.4th 594, 599–600 (2d Cir. 2021) (internal citations omitted).

Defendants all aver that Plaintiff's remarks were made in her official capacity as a

superintendent, and not that of a private citizen. (ECF Nos. 27-1 at 14; 28-1 at 9.) While Plaintiff

asserts that her comments were made in an official capacity and as a private citizen, it is hard to

believe so. Indeed, Plaintiff's allegations include that she "objected to improper payments,

reported nepotism and abuse of authority by Victor Pratt, and raised concerns regarding

violations of Board policy and employment practices. … [A]nd as a public official responsible

for the integrity of the school district." (ECF No. 24 at ¶ 66.) District Defendants also point out

that the remarks made were "not an obligation of the Plaintiff as a private citizen, but as the

Superintendent of Schools, as a public employee." (ECF No. 27-1 at 14.) Therefore, Plaintiff's

speech is not protected when made in her capacity as a superintendent.

Next, pursuant to New York Labor Law § 740,

> An employer shall not take any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety; (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such activity, policy or practice by such employer; or (c) objects to, or refuses to participate in any such activity, policy or practice.

N.Y. Lab. Law § 740.

Here, Plaintiff does not allege that she threatened to disclose or did disclose any activity, policy or practice that could be a substantial or specific danger to the public. Rather, Plaintiff focuses on "improper allocation of public funds, nepotism, and unauthorized payments in violation of state and local regulations." (ECF No. 24 at ¶ 74.) New York Courts have dismissed such claims where such allegations are absent. *See Caracappa v. Westhampton Beach Sch. Dist.*, 219 N.Y.S.3d 424, 425 (N.Y. App. Div. 2d Dep't 2024) ("The Supreme Court properly granted dismissal of the third cause of action, which alleged a violation of Labor Law § 740, as the plaintiff failed to allege that she disclosed or threatened to disclose an activity, policy, or practice that she reasonably believed was in violation of a law, rule, or regulation, and that she reasonably believed posed a substantial and specific danger to the public health or safety."); *see also Webb-Weber v. Cmty. Action for Hum. Servs., Inc.*, 15 N.E.3d 1172, 1174 (N.Y. 2014) (discussing the pleading standard and finding plaintiff pled enough where it the complaint identified "the particular activities, policies or practices in which the employer allegedly engaged," something that is absent in the instant matter).

Plaintiff also brings a retaliation claim under New York Civil Service Law § 75-b, alleging that Plaintiff, a public employee, was retaliated against by being removed from her position, causing her to suffer harm. (ECF No. 24 at ¶¶ 82-84.)

> In order to state a retaliation claim under Section 75–b, a plaintiff must allege (1) an adverse personnel action; (2) disclosure of information to a governmental body [regarding an improper governmental action], and (3) a causal connection between the disclosure and the adverse personnel action. Improper governmental action is conduct which is in violation of any federal, state or local law, rule or regulation.

*Balchan v. City Sch. Dist. of New Rochelle*, No. 21-CV-04798 (PMH), 2023 WL 4684653, at *8 (S.D.N.Y. July 21, 2023) (internal citations and quotations omitted).

8

However, "Section 75–b on its face does not reach the individual Defendants … [t]hus, 'claims under [Section] 75–b cannot be maintained against individual public employees.'" *Verdi v. City of New York*, 306 F. Supp. 3d 532, 549 (S.D.N.Y. 2018) (quoting *Eyshinskiy v. New York City Dep't of Educ.*, No. 15 CIV. 10027 (DLC), 2016 WL 7017414, at *2 (S.D.N.Y. Dec. 1, 2016) (citation omitted), *aff'd sub nom. Eyshinskiy v. Kendall*, 692 Fed. Appx. 677 (2d Cir. 2017).  (dismissing plaintiff's claims with prejudice)); *Siracusa v. New Hyde Park-Garden City Union Free Sch. Dist.*, No. 24-CV-01002 (NCM) (LGD), 2025 WL 948115, at *11 (E.D.N.Y. Mar. 28, 2025) (same). So, at the outset, this claim against Pratt will likely be dismissed. As to District Defendants, there may be a plausible claim as the allegations include (i) placing Plaintiff on administrative leave was an adverse action, (ii) Plaintiff disclosed to a governmental agency the alleged improper conduct, and (iii) upon disclosure, Plaintiff was placed on leave. *See Balchan*, 2023 WL 4684653, at *8 (finding that the plaintiff pled enough under the statute for similar reasons).

Finally, as for the remaining defamation claims, Plaintiff contends Pratt speaking on behalf of all Defendants publicly made untrue statements to the media "that the Plaintiff was removed from her role as Superintendent because of 'misuse of school facilities' and Plaintiff was under investigation," which caused the Plaintiff harm including reputational harm. (ECF No. 24 at ¶¶ 88-91.)

Under New York law, defamation claims require the following elements to be pled, (i) a defamatory statement of and concerning the plaintiff, (ii) publication of that statement to a third party, (iii) fault, (iv) falsity, and (v) special damages or it must fall under a per se category. *See Greenberg v. Spitzer*, 62 N.Y.S.3d 372, 383 (N.Y. App. Div. 2d Dep't 2017); *see also YCF Trading Inc. v. Skullcandy, Inc.*, 781 F. Supp. 3d 56, 75 (E.D.N.Y. 2025) (collecting cases)

9

(same). Here, Plaintiff alleges all the elements as outlined above. And, Plaintiff's claims also fall under a per se category because the alleged untrue statements here "tends to injure another in his or her trade, business, or profession." *Davydov v. Youssefi*, 169 N.Y.S.3d 322, 324 (N.Y. App. Div. 2d Dep't 2022) (internal citations omitted).

Accordingly, as the majority of the claims could result in dismissal, this factor weighs *in favor* of granting the stay.

## II.     *Breadth of Discovery*

In the absence of a stay, the parties will have to conduct all fact discovery including "numerous" depositions if the Court directs the parties to comply with the current issued 26(f) Scheduling Order. Plaintiff does not focus on the breadth of discovery, but rather, discusses the importance of the discovery needed here for "the complexity and seriousness of the issues presented." (ECF No. 29 at 3.) Whereas Pratt argues that he would "have to respond to multiple discovery demands and appear for a deposition when the motion to dismiss may be granted, would be unduly burdensome." (ECF No. 28 at 2.) The District Defendants aver that Plaintiff will likely depose all five board members who placed Plaintiff on administrative leave, thereby causing an undue burden if the case is dismissed or the need to supplement depositions depending on the Court's rulings. (ECF No. 27 at 6.) So, this would create burdensome efforts that may be unnecessary if the action is dismissed or narrowed by the Court's ruling. Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER) (JMW), 2025 WL 2721621, at \*3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at \*3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendant seeks to dismiss the entirety of the Amended

Complaint. (*See* ECF Nos. 27-1, 28-1.) Plaintiff also admits that this is a "complex" matter. (ECF No. 29 at 3.)

Based on the above, considering the breadth of discovery, this factor weighs *in favor* of granting the stay.

### III.   *Risk of Unfair Prejudice*

This case is in its early stages. The Complaint was filed on June 28, 2025, and the Court only recently held the Initial Conference on November 7, 2025. It appears no discovery has taken place as initial disclosures are due by January 15, 2026. (*See* ECF No. 26.)  "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021).  Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation).

Plaintiff expresses concerns if a stay is granted such as "loss of critical evidence, fading memories of witnesses, and the erosion of Plaintiff's ability to prove her claims." (ECF No. 29 at 3.) However, District Defendants inform the Court that all Defendants agree to preserve all evidence while awaiting a ruling. (ECF No. 27 at 7.) Therefore, aside from the possibility of memories fading, the Court finds no reason to deny the motion to stay discovery at this juncture. *See Marrazzo v. Flagstar Fin., Inc.*, No. 25-CV-04183 (JMA) (JMW), 2025 WL 2772813, at *3 (E.D.N.Y. Sept. 29, 2025) ("Plaintiff contends that there may be a 'possibility of prejudice' with

11

potential witnesses having fading memories … [a]part from that slim forecasted possibility, the

Court finds no reason to deny the motion to stay discovery at this juncture.")

Accordingly, a careful consideration of the relevant factors and the parties' submissions

demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of

the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Stay (ECF No. 27-28) are

**GRANTED**.

Dated: Central Islip, New York
        December 1, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge