UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

REGINA ARMSTRONG,

Plaintiff,

v.

HEMPSTEAD UNION FREE SCHOOL DISTRICT, BOARD OF EDUCATION OF THE HEMPSTEAD UNION FREE SCHOOL DISTRICT, and VICTOR PRATT,

Defendants.
---------------------------------------------------x

**MEMORANDUM & ORDER**
2:25-cv-3611 (RPK) (JMW)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Regina Armstrong brings this action against defendants Hempstead Union Free School District ("Hempstead School District"), the Board of Education of the Hempstead Union Free School District ("Hempstead BOE"), and Victor Pratt, the President of the Hempstead BOE, alleging that defendants violated federal and state law when they placed her on administrative leave from her role as Superintendent of Schools of the Hempstead School District. She raises First and Fourteenth Amendment claims under 42 U.S.C. § 1983, as well as state-law claims. Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(6). For the reasons stated below, defendants' motions are granted.

**BACKGROUND**

The following facts are taken from plaintiff's complaint and are assumed true for purposes of this order.

Plaintiff began to work for Hempstead School District in September 1990 and was appointed Superintendent of Schools in June 2021. Am. Compl. ¶¶ 16–17 (Dkt. #24). Under plaintiff's leadership, the Hempstead School District "witnessed many improvements": its graduation rate rose from 37% to 86%; it was redesignated from being one of New York's "Districts in Need of Improvement" to a district in "Good Standing"; and various school facilities were built and renovated with funds secured by plaintiff. *Id.* ¶¶ 18–22. Plaintiff also worked to "cut[] out the nepotism and corruption that existed at [Hempstead School District] and within" the Hempstead BOE, *id.* ¶ 24—a problem of which a prior district superintendent also complained. *See Waronker v. Hempstead Union Free Sch. Dist.*, 788 F. App'x 788, 790–91 (2d Cir. 2019).

In her reform efforts, plaintiff frequently butted heads with defendant Victor Pratt. Plaintiff tried to stop Pratt from "casting votes to hire his family"; reported a text message that Pratt's brother sent plaintiff, asking why plaintiff would not hire him; and objected to "an improper $15,000 stipend payment to a civil servant, Audrey Little," which Pratt had proposed. Am. Compl. ¶¶ 27, 30–31. Plaintiff alleges that these actions led Pratt to "campaign to attempt to fire [p]laintiff," including by "hosting meetings at his home and other clandestine locations" to "come up with a strategy to terminate [p]laintiff as Superintendent." *Id.* ¶¶ 27, 29.

In September 2024, the Hempstead BOE voted to place plaintiff "on administrative leave." *Id.* ¶ 58. It "re-assign[ed] [plaintiff] to home effective immediately pending a review of recent conduct," and appointed a new Acting Superintendent of Schools. Pratt Mot. to Dismiss, Ex. C at 2–3 (September 2024 BOE Minutes) (Dkt. #34-4); *see* Am. Compl. ¶ 31 & n.8 (referencing the Minutes). At the time, Pratt told news media that plaintiff was being investigated for "misuse of facilities"—specifically, her purportedly unauthorized use of classrooms for an SAT exam—and that there had been a "breakdown of trust" between plaintiff and the Hempstead BOE. Am. Compl.

¶¶ 36–37. Plaintiff does not allege that the Hempstead School District stopped paying her while she was on administrative leave, and she states in her brief that she received "full pay and benefits" during that time. Pl.'s Mem. in Opp'n to Pratt 5 (Dkt. #35). Plaintiff alleges, however, that her administrative leave was a "constructive discharge," Am. Comp. ¶¶ 8, 32, because she was blocked from her work email and told to return all school equipment to the Hempstead School District, *id.* ¶¶ 33–35; *see* Pl.'s Mem. in Opp'n to School District 8 (Dkt. #32).

Plaintiff alleges that the Hempstead BOE's decision "was made without the benefit of any substantial investigation into the alleged misconduct," and that she was really terminated in retaliation for "her whistleblowing the activities of Victor Pratt and the Board in hiring and promoting Victor Pratt's family members." Am. Compl. ¶¶ 41, 43. Plaintiff also alleges that her termination violated her employment contract, which required the Hempstead BOE "to refer, in writing, to [plaintiff], criticism or complaints regarding administration of the [Hempstead School] District" before using them against her. *Id.* ¶ 42.

Plaintiff filed a grievance with the Equal Employment Opportunity Commission ("EEOC"), which issued a "right to sue" letter. *Id.* ¶ 12. Plaintiff then filed this suit. Her amended complaint asserts two claims under Section 1983: first, that defendants deprived plaintiff of her property interest in her employment without due process in violation of the Fourteenth Amendment, and second, that defendants retaliated against her for engaging in protected speech in violation of the First Amendment. *Id.* ¶¶ 55–72. Plaintiff also brings state law claims, invoking the New York Labor Law and New York Civil Service Law, as well as common-law defamation and breach of contract. *Id.* ¶¶ 46–54, 73–91. Defendants have moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556–57) (internal quotation marks omitted). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotation marks omitted).

At the motion-to-dismiss stage, a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id.* at 678–79.

## DISCUSSION

Defendants' motions to dismiss are granted because plaintiff has not plausibly pled any federal cause of action and the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims.

**I. Plaintiff Fails to Plausibly Allege a Procedural Due Process Violation.**

Plaintiff has not plausibly alleged that defendants violated her due process rights by placing her on administrative leave without notice and an opportunity to respond. To state a procedural due process claim, a plaintiff must plausibly allege that she was deprived of a protected property interest without adequate process. *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013). A procedural due process claim thus cannot succeed unless a plaintiff alleges deprivation of a right that "constitutes a property interest for purposes of the Fourteenth Amendment." *Waronker*, 788 F. App'x at 793 (citation omitted).

Second Circuit precedent forecloses plaintiff's claim that she has a "protected property interest in her continued employment as Superintendent of Schools," which she was deprived of when defendants "placed her on administrative leave." Am. Compl. ¶ 58. While public employees may have a property right in their employment, *see Faghri v. Univ. of Connecticut*, 621 F.3d 92, 99 (2d Cir. 2010), an employee is deprived of that property right only "when he suffers a financial loss," *Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir. 2019) (quotation marks and citation omitted). Plaintiff does not allege that she suffered any financial loss when she was placed on administrative leave, so she has not alleged that she was deprived of a "property interest triggering due process." *Ibid.*

The Second Circuit's decision in *Waronker v. Hempstead Union Free School District*—which involves claims that are almost identical to plaintiff's—reinforces this point. In *Waronker*, the Second Circuit affirmed the dismissal of a procedural due process claim brought by a different Hempstead School District superintendent after he was placed on paid administrative leave without prior notice or a hearing. 788 F. App'x at 791, 793. Like here, the plaintiff in *Waronker* asserted a "property-based procedural due process claim [based on] the [Hempstead BOE's] decision to place him on a paid administrative leave of absence." *Id.* at 793. The *Waronker* plaintiff's claim

failed because "an employee who is suspended is not deprived of a protected property interest '[so] long as the employee is receiving a paycheck equivalent to his normal salary.'" *Ibid.* (quoting *Tooly*, 919 F.3d at 173). That reasoning applies here.

Plaintiff tries to distinguish her case from *Waronker* by arguing that the Hempstead School District's actions "went beyond mere paid leave," because the District also "exclu[ded her] from all professional duties," "breach[ed] the express procedural protections in her contract," and defamed her. Pl.'s Mem. in Opp'n to Hempstead 8–10. But none of these purported distinctions makes plaintiff's procedural due process claim viable. Courts in this circuit recognize that "an employee who continues to be paid cannot sustain a claim for deprivation of property without due process *even if relieved from job duties*." *Knights v. City Univ. of New York*, 639 F. Supp. 3d 395, 401 (E.D.N.Y. 2022) (emphasis added and ellipses omitted) (quoting *Ingber v. New York City Dep't of Educ.*, No. 14-CV-3942 (JMF), 2014 WL 6888777, at *2 (S.D.N.Y. Dec. 8, 2014)). Nor do the contractual breaches that plaintiff alleged alone make out a Section 1983 claim because a "breach of contract [that] does not give rise to a deprivation of a protectible property interest" does not violate the Fourteenth Amendment. *Martz v. Incorporated Village of Valley Stream*, 22 F.3d 26, 31 (2d Cir. 1994); *see Waronker*, 788 F. App'x at 793–94. Finally, to the extent plaintiff's references to "public defamation" attempt to assert a procedural due process violation on a liberty-based "stigma plus" theory, that claim would also fail. Such claims require a plaintiff to identify "some tangible and material state-imposed burden that is separate from the deleterious effects flowing directly from the stigmatizing statement," and "placement on administrative leave does not satisfy [that] requirement." *Waronker*, 788 F. App'x at 794–95 (internal quotation marks and citation omitted).

Plaintiff's one-sentence invocation of her "substantive due process rights" in her complaint does not change this analysis. Am. Compl. ¶ 63. "[N]umerous courts have found that rights related to employment are not fundamental constitutional rights protected by substantive due process," *McDonald v. Derry*, No. 3:24-CV-01859 (KAD), 2026 WL 810752, at *8 (D. Conn. Mar. 24, 2026) (internal quotation marks omitted) (collecting cases), and plaintiff does not allege state action that "was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience"—as is required to state a substantive due process claim, *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021) (citation omitted). Plaintiff's Fourteenth Amendment due process claim is thus dismissed.

## II. Plaintiff's First Amendment Retaliation Claim Is Dismissed.

Plaintiff has abandoned her Section 1983 claim that defendants violated the First Amendment by retaliating against her for engaging in protected speech. A federal court may deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in opposition papers the defendant's arguments for dismissal. *See, e.g.*, *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021); *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) (collecting cases). Here, plaintiff has failed to respond to defendants' arguments that she has not adequately pled a First Amendment retaliation claim because her speech was made pursuant to her employment, and thus is not protected by the First Amendment. *See* Hempstead Mem. in Supp. 10–14 (Dkt #31); Pratt Mem. in Supp. 8–10 (Dkt. #34). Plaintiff has therefore abandoned her First Amendment retaliation claim.

Rather than respond to defendants' arguments that she did not engage in speech protected by the First Amendment, plaintiff asserts that she engaged in speech that is protected by Title VII. Pl.'s Mem. in Opp'n to School District 11–12; Pl.'s Mem. in Opp'n to Pratt 10. It is not obvious how the employer conduct she describes could form a predicate for such a claim. Plaintiff suggests

that defendants retaliated against her for "objecting to improper payments," "reporting nepotism and abuse of authority," and making "formal complaints to the Board and the EEOC regarding discriminatory and retaliatory conduct," Pl.'s Mem. in Opp'n to Hempstead 11–12, but "favoritism, nepotism, or cronyism [that] is not premised on animus against a protected class" is not made unlawful by Title VII, *Vill. of Freeport v. Barrella*, 814 F.3d 594, 613 (2d Cir. 2016). The Court need not reach that issue, however, because plaintiff's amended complaint did not assert a Title VII claim. A plaintiff may not allege new claims in opposition to a motion to dismiss. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *see also Helwing v. City of New York*, No. 18-CV-3764, 2021 WL 781794, at *4 (E.D.N.Y. Mar. 1, 2021), *aff'd sub nom. Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341 (2d Cir. Mar. 2, 2022); *Louis v. New York City Hous. Auth.*, 152 F. Supp. 3d 143, 158 (S.D.N.Y. 2016).

## III. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State-Law Claims.

Having dismissed plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over her state-law claims. Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). Generally, where "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006).

Plaintiff has not provided a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once all federal claims are dismissed. Accordingly, plaintiff's state law claims are dismissed.

**CONCLUSION**

Plaintiff's claims are dismissed without prejudice. Plaintiff may file a motion seeking leave to file an amended complaint within thirty days. Any such motion should include the proposed amended complaint as an exhibit and explain why leave to amend should be granted. If plaintiff does not seek leave to amend within thirty days, judgment shall be entered.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 8, 2026
Brooklyn, New York